# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

BRISTOL-MYERS SQUIBB CO.,         )
E. R. SQUIBB & SONS L.L.C.,         )
ONO PHARMACEUTICALS CO., LTD., and  )
TASUKU HONJO,          )
             )
    Plaintiffs,         )    C.A. No. 17-cv-1027-CFC
             )
v.           )    **JURY TRIAL DEMANDED**
             )
GENENTECH, INC.,         )
             )
    Defendant         )
_____)

BRISTOL-MYERS SQUIBB CO.,         )
E. R. SQUIBB & SONS L.L.C.,         )
ONO PHARMACEUTICALS CO., LTD., and  )
TASUKU HONJO,          )
             )
    Plaintiffs,         )    C.A. No. 17-cv-1028-CFC
             )
v.           )    **JURY TRIAL DEMANDED**
             )
ASTRAZENECA PHARMACEUTICALS LP,  )
ASTRAZENECA UK LTD.,        )
             )
    Defendants.        )
_____)

BRISTOL-MYERS SQUIBB CO.,         )
E. R. SQUIBB & SONS L.L.C.,         )
ONO PHARMACEUTICALS CO., LTD., and  )
TASUKU HONJO,          )
             )
    Plaintiffs,         )    C.A. No. 17-cv-1029-CFC
             )
v.           )    **JURY TRIAL DEMANDED**
             )
EMD SERONO, INC., MERCK KGaA, and  )
PFIZER INC.           )
             )
    Defendants.        )
_____)

PFIZER INC., WYETH LLC, GENETICS          )
INSTITUTE, LLC, EMD SERONO, INC.,         )
and MERCK KGaA, and                       )
                                          )
                                          )
        Counterclaim Plaintiffs,          )
                                          )
v.                                        )
                                          )
BRISTOL-MYERS SQUIBB CO.,                 )
E. R. SQUIBB & SONS L.L.C.,               )
ONO PHARMACEUTICALS CO., LTD., and        )
TASUKU HONJO,                             )
                                          )
                                          )
        Counterclaim Defendants.          )
_____ )

## SCHEDULING ORDER

This __ day of _____, 2018, the Court having conducted an initial Rule 16(b)

scheduling conference pursuant to Local Rule 16.1(b), and the parties in *Bristol-Myers Squibb*

*Co. et al v. Genentech, Inc.,* 1:17-cv-01027-CFC (D. Del.) (the defendant in the case,

"Genentech," and, when italicized as "*Genentech*," the case), *Bristol-Myers Squibb Co. et al v.*

*AstraZeneca Pharms. LP et al*., 1:17-cv- 01028-CFC (D. Del.) (the defendants in the case

collectively, "AstraZeneca," and, when italicized as "*AstraZeneca*," the case), and *Bristol-Myers*

*Squibb Co. et al v. EMD Serono, Inc. et al*., 1:17-cv-01029-CFC (D. Del.) (the defendants in the

case collectively, "Pfizer," and, when italicized as "*Pfizer*," the case), having determined after

discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation,

or binding arbitration, the parties having agreed to coordinate fact and expert discovery

schedules and the *Markman* hearing in those cases:

        IT IS ORDERED that:

1.      <u>Rule 26(a)(1) Initial Disclosures.</u>  The parties made their initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) on **December 1, 2017**.

2.      <u>Joinder of Other Parties and Amendment of Pleadings.</u>  All motions to join other parties, and to amend or supplement the pleadings (except for amendments to allege inequitable conduct), were to be on or before **May 4, 2018**.  All motions to amend pleadings to assert inequitable conduct shall be filed on or before **November 9, 2018**.

3.      <u>Reliance on Advice of Counsel.</u>  Each Defendant shall inform Plaintiffs whether it intends to rely upon advice of counsel as a defense to indirect infringement and/or willful infringement no later than **21 days after the Court issues a claim construction opinion**.  If a Defendant elects to rely on advice of counsel as a defense to indirect infringement and/or willful infringement, the Defendant shall produce any such opinions on which it intends to rely and complete their production of all advice of counsel documents by no later than **21 days after the Court's issuance of a claim construction opinion**.  The parties agree to meet and confer in good faith after disclosure and production of advice of counsel documents to discuss a schedule for completing discovery and expert reports on the issues of willfulness and/or intent to induce infringement.

4.      <u>Discovery.</u>

a.      <u>Discovery Cut Off.</u>  All discovery in this case shall be initiated so that it will be completed on or before **June 5, 2019**.

b.      <u>Document Production.</u>  Document production shall be substantially completed on or before **November 14, 2018**.

c.      <u>Requests for Admission.</u>  A maximum of **100** requests for admission are permitted for each side in each case, exclusive of any such requests pertaining solely to the

authentication of documents, which shall not be limited, but may be subject to a claim of undue burden, and that each side in each case may serve an unlimited number of requests for production.

        d.     <u>Interrogatories.</u>  A maximum of **25** interrogatories, including contention interrogatories, are permitted for each side in each case.

        e.     <u>Depositions.</u>

        i.     <u>Limitation on Deposition Discovery.</u>  Plaintiffs, Genentech, and AstraZeneca are permitted to take up to **15** depositions of the other, subject to the requirements stated in the *Genentech* (D.I. 23) and *AstraZeneca* (D.I. 31) Joint Status Report at pages 17-20. Plaintiffs and Pfizer are permitted to take up to [**Plaintiffs' Position: 20** depositions] [**Pfizer's Position: 10** depositions][1] of fact witnesses, including third parties, subject to the requirements stated in the *Pfizer* Joint Status Report (D.I. 44) at pages 18-20.

        ii.     <u>Location of Depositions.</u>  Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

        5.     <u>Application to Court for Protective Order.</u>  Counsel have found it necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of

---

    [1]  Pfizer notes that, in the parallel inventorship dispute between Plaintiffs and Pfizer pending in the District of Massachusetts, Plaintiffs have taken 7 depositions of current or former Pfizer employees, and Pfizer has taken 8 fact depositions.  Plaintiffs note that none of the depositions that have been taken in the parallel inventorship dispute relate to infringement of the asserted patent or the Pfizer product accused of infringement in this action.

confidential information, and counsel have conferred and reached an agreement on a proposed

form of order which were submitted to the Court in each case (D.I. 43 in *Genentech*, D.I. 48 in

*AstraZeneca*, and D.I. 58 in *Pfizer*) and entered by the Court.

The Court's required language, set forth below, is contained in paragraph 21 of the

*Genentech* and *AstraZeneca* Protective Orders and paragraph 20 of the *Pfizer* Protective Order.

> Other Proceedings.  By entering this Protective Order and limiting
> the disclosure of information in this Action, the Court does not
> intend to preclude another court from finding that information may
> be relevant and subject to disclosure in another action.  Any person
> or party subject to this Protective Order who becomes subject to a
> motion outside this Action to disclose another party's information
> designated as Protected Information pursuant to this Protective
> Order shall promptly notify the Producing Party so that the
> Producing Party may have an opportunity to protect its interests.

6.    Disputes Relating to Discovery Matters and Protective Orders.  Should counsel

find they are unable to resolve a dispute relating to a discovery matter or protective order, the

parties shall contact the Court's Case Manager to schedule an in-person conference/argument.

Unless otherwise ordered, by no later than 48 hours prior to the conference/argument, the party

seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in

dispute and the party's position on those issues.  The party shall submit as attachments to its

letter (1) an averment of counsel that the parties made a reasonable effort to resolve the dispute

and that such effort included oral communication that involved Delaware counsel for the parties,

and (2) a draft order for the Court's signature which identifies with specificity the relief sought

by the party.  By no later than 24 hours prior to the conference/argument, any party opposing the

application for relief may file a letter, not to exceed three pages, outlining that party's reasons for

its opposition.  Should any document(s) be filed under seal, a courtesy copy of the sealed

document(s) must be provided to the Court within one hour of e-filing the document(s).  If a

5

motion concerning a discovery matter or protective order is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the procedures set forth in this paragraph.

7.      Papers Filed Under Seal.  When filing papers under seal, counsel shall deliver to the Clerk an original and one copy of the papers.  A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

8.      Courtesy Copies.  The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (*i.e.*, appendices, exhibits, declarations, affidavits etc.).  This provision also applies to papers filed under seal.

9.      Claim Construction Issue Identification.  On **August 24, 2018**, the parties exchanged a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s).  This document was not filed with the Court.  Subsequent to exchanging that list, the parties met and conferred to prepare a Joint Claim Construction Chart, which was filed on **October 5, 2018**.  By **November 16, 2018**, the parties will re-file a copy of the Joint Claim Construction Chart reformatted according to the Court's preferred format.  The re-filed Joint Claim Construction Chart, in Word format, shall be e-mailed simultaneously with filing to cfc_civil@ded.uscourts.gov.  The text for the re-filed Joint Claim Construction Chart shall be 14-point and in a Times New Roman or similar typeface.  The parties' re-filed Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions.  A copy of the patent(s) in issue as well as those portions of

the intrinsic record relied upon shall be submitted with this re-filed Joint Claim Construction

Chart.  In this joint submission, the parties shall not provide argument.

      10.   <u>Claim Construction Briefing</u>.[2]  [**Plaintiffs' Position:** The Plaintiffs shall serve,

but not file their opening brief, not to exceed 5,500 words, on **November 21, 2018**.  The

Defendants shall serve, but not file, their joint answering brief, not to exceed 8,250 words, on

**December 20, 2018**.  The Plaintiffs shall serve, but not file, their reply brief, not to exceed 5,500

---

[2] The Parties have a dispute about the appropriate format of claim construction briefing. Plaintiffs' position, which is consistent with the practice in this District and will ease the burden on the Court, is that Plaintiffs should serve a single Opening Brief and a single Reply Brief for the three cases.  Genentech, AstraZeneca, and Pfizer should serve a single, joint Answering Brief and a single, joint Sur-reply brief. The Parties should file a single Joint Claim Construction Brief reflecting all parties' claim construction positions.  Defendants' proposal, allowing each Defendant to serve separate Opening and Reply Briefs, is contrary to the standard practice in this District and contradicts the Standard Order of this Court.  Defendants' manufactured concern about there being three different products accused of infringement in these three cases is not relevant to the Court's task of construing disputed claim terms in view of the language of the claims, the specification, and other intrinsic evidence.  Plaintiffs respectfully request that if the Court agrees with Plaintiffs, that Court permit an increase to the word limit of each brief by 25%.

      The Defendants share Plaintiffs' desire not to burden the Court, but disagree strongly regarding how to achieve that goal.  For the final submission to the Court, Defendants do not object to filing one Joint Claim Construction Brief on February 12, 2019 setting forth the positions of all of the parties in all three cases.  The parties' dispute focuses instead on Plaintiffs' desire to limit each Defendant's ability to be heard.  To that end, Defendants strongly oppose serving a single, joint answering brief and a single, joint sur-reply brief on Plaintiffs.  To require such a joint brief would not be "standard practice," despite Plaintiffs' assertion otherwise.  Nor are Defendants' concerns "manufactured."  These are three separate lawsuits that have not been, and cannot as a matter of law be, consolidated.  While the cases share common deadlines for the convenience of the parties and the Court, they are proceeding as separate lawsuits with separate discovery.  Because each Defendant markets a different drug for the treatment of different cancers, there are different claim terms at issue in each case and each Defendant emphasizes different claim construction positions, as set forth in the Joint Claim Construction Chart (*Genentech* D.I. 55, *AstraZeneca* D.I. 60, *Pfizer* D.I. 69).  Requiring these Defendants to serve a single shared brief, even with a 25% word-limit increase, would impair each Defendant's substantive right to advance its own arguments in support of its own proposed constructions. Each Defendant should be permitted to draft, with the assistance of its own separate counsel, and to serve on Plaintiffs its own separate briefs presenting its own separate arguments.  Those briefs can, and should, then be combined into one final product for filing with the Court.

words on **January 15, 2019**.  Defendants shall serve, but not file, their joint sur-reply brief, not

to exceed 2,750 words, on **February 7, 2019**.]

    [**Defendants' Position:** Plaintiffs shall serve, but not file, their opening briefs, not to

exceed 5,500 words each, on **November 21, 2018**.  Each Defendant shall serve, but not file, its

answering brief, not to exceed 8,250 words each, on **December 20, 2018**.  Plaintiffs shall serve,

but not file, their reply briefs, not to exceed 5,500 words each, on **January 15, 2019**.  Each

Defendant shall serve, but not file, its sur-reply brief, not to exceed 2,750 words each, on

**February 7, 2019**.]

    The text for each brief shall be 14-point and in a Times New Roman or similar typeface.

Each brief must include a certification by counsel that the brief complies with the type and

number limitations set forth above.  The person who prepares the certification may rely on the

word count of the word-processing system used to prepare the brief.

    No later than **February 12, 2019**, the parties shall file a Joint Claim Construction Brief.

The parties shall copy and paste their untitled briefs into one brief, with their positions on each

claim term in sequential order, in substantially the form below.

JOINT CLAIM CONSTRUCTION BRIEF

I.    Agreed-upon Constructions

II.   Disputed Constructions

      A.    [TERM 1]

            1.    Plaintiffs' Opening Position

            2.    Defendants' Answering Position[3]

_____

[3] As explained in the prior footnote, Defendants contend that the "Defendants'" portions
of the brief should contain each of the three Defendants' distinct positions, to the extent each
Defendant has one as to the particular claim term.

3.      Plaintiffs' Reply Position

4.      Defendants' Sur-Reply Position

B.     [TERM 2]

1.      Plaintiffs' Opening Position

2.      Defendants' Answering Position

3.      Plaintiffs' Reply Position

4.      Defendants' Sur-Reply Position

Etc.  The parties need not include any general summaries of the law relating to claim construction.  If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

11.     <u>Hearing on Claim Construction.</u>  Beginning at 9 a.m. on **March 12, 2019**, the Court will hear argument on claim construction.  Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which answering claim construction briefs are due to be served), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours.  By prior Order (D.I. 28 in *Genentech*, D.I. 33 in *AstraZeneca*, and D.I. 44 in *Pfizer*), the claim construction hearing shall not exceed a total of six hours with each side having three hours.

12.     <u>Disclosure of Expert Testimony.</u>

a.      <u>Expert Reports.</u>  For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **July 2, 2019**.  The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **August 5, 2019**.  Reply expert reports from the party with the initial burden of proof are due on or before **August 30, 2019**.  No other expert

9

reports will be permitted without either the consent of all parties or leave of the Court.  Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.  Depositions of experts shall be completed on or before **October 16, 2019**.

      b.   <u>Objections to Expert Testimony.</u>  To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

      13.   <u>Case Dispositive Motions.</u>

      a.   <u>No early motions without leave.</u>  All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **November 6, 2019**.  No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court.  Responsive case dispositive briefs shall be filed by **December 4, 2019**.  Reply case dispositive briefs shall be filed by **December 20, 2019**.

      b.   <u>Word limits combined with *Daubert* motion word limits.</u>  Each party is permitted to file as many case dispositive motions as desired; provided, however, that each SIDE in each case will be limited to a combined total of 10,000 words for all opening briefs, a combined total of 10,000 words for all answering briefs, and a combined total of 5,000 words for all reply briefs regardless of the number of case dispositive motions that are filed.  In the event that a party files, in addition to a case dispositive motion, a *Daubert* motion to exclude or preclude all or any portion of an expert's testimony, the total amount of words permitted for all case dispositive and *Daubert* motions shall be increased to 12,500 words for all opening briefs, 12,500 words for all answering briefs, and 6,250 words for all reply briefs for each SIDE

10

**[Defendants' Position:** in each case][4]. The text for each brief shall be 14-point and in a Times New Roman or similar typeface. Each brief must include a certification by counsel that the brief complies with the type and number limitations set forth above. The person who prepares the certification may rely on the word count of the word-processing system used to prepare the brief.

14.      <u>Applications by Motion.</u>  Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

15.      <u>Pretrial Conference.</u>  On **April 13, 2020**, the Court will hold a Rule 16(e) final pretrial conference for the first case to be tried in Court with counsel beginning at 10 a.m. The parties for the first case to be tried shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5:00 p.m. on the third business day before the date of the final pretrial conference (i.e., **April 8, 2020**). Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

16.      <u>Motions *in Limine.*</u>  Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order in each case. Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a

---

[4] For the same reasons stated above in footnote 2, Plaintiffs believe that to the extent one or more of the Defendants seek to challenge Plaintiffs' expert(s) on the same issue, the Defendants should submit a single, joint *Daubert* motion on that issue. For substantially the same reasons set forth in footnote 2, Defendants oppose filing consolidated *Daubert* motions in three unconsolidated cases that will be tried separately before separate juries.

maximum of one additional page in reply in support of its request.  If more than one party is

supporting or opposing an *in limine* request, such support or opposition shall be combined in a

single three-page submission (and, if the moving party, a single one-page reply).  No separate

briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

17.    <u>Compendium of Cases</u>.  A party may submit with any briefing two courtesy

copies of a compendium of the selected authorities on which the party would like the Court to

focus.  The parties should not include in the compendium authorities for general principles or

uncontested points of law (e.g., the standards for summary judgment or claim construction).  An

authority that is cited only once by a party generally should not be included in the compendium.

An authority already provided to the Court by another party should not be included in the

compendium.

18.    <u>Jury Instructions, Voir Dire and Special Verdict Forms.</u>  Where a case is to be

tried to a jury, pursuant to Local Rules 47.l(a)(2) and 51.1, the parties should file (i) proposed

voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict

forms no later than 5:00 p.m. on the third business day before the date of the final pretrial

conference (i.e., **April 8, 2020** for the first case to be tried).  The parties shall submit

simultaneously with filing each of the foregoing four documents in Word format to

cfc_civil@ded.uscourts.gov.

19.    <u>Trial.</u>  This matter is scheduled for a 7-day jury trial for the first case to be tried

beginning at 9:30 a.m. on **May 4, 2020**, with the subsequent trial days beginning at 9:30 a.m.

Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30

p.m.  The trial will be timed, as counsel will be allocated a total number of hours in which to

present their respective cases.

20.    <u>ADR Process</u>. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

_____
UNITED STATES DISTRICT JUDGE